# Supreme Court of Florida

_____

No. SC18-1176
_____

## IN RE:  AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.220.

May 16, 2019

PER CURIAM.

The Court has for consideration a joint out-of-cycle report[1] filed by The Florida Bar's Civil Procedure Rules Committee (Rules Committee) and Pro Bono Legal Services Committee (Pro Bono Committee) proposing an amendment to Florida Rule of Civil Procedure 1.220 (Class Actions).  The Court has jurisdiction[2] and declines to adopt the Committees' proposal.

The Committees propose new rule 1.220(f) (Distribution), which would allow a court to direct the defendant to distribute any unpaid residual funds awarded in a class action to recipients agreed to by the parties, "including one or

_____

1. *See* Fla. R. Jud. Admin. 2.140(e)(2).

2. *See* art. V, § 2(a), Fla. Const.

more nonprofit, tax-exempt organizations that provides civil legal services to the poor, including the Florida Bar Foundation." This proposal follows the Rules Committee's October 2016 report to the Court,[3] in which that Committee declined to propose the mandatory class action *cy pres*[4] rule that was considered by the Florida Commission on Access to Civil Justice (Access Commission) as an additional funding source for nonprofit organizations that provide civil legal services or promote access to the civil justice system for low-income Floridians.[5] The mandatory rule considered by the Access Commission would have required residual class action funds to be distributed to the Florida Bar Foundation or a nonprofit legal services organization.[6] At the suggestion of the Pro Bono

---

3. *See* Letter from R. J. Haughey, Chair of the Florida Rules of Civil Procedure Committee, to John A. Tomasino, Clerk of the Florida Supreme Court (Oct. 31, 2016) (on file with the Clerk of Court).

4. The term c*y pres* comes from the Norman French expression "cy pres comme possible," which means "as near as possible." *See* 4 William B. Rubenstein, *Newberg on Class Actions* §12:32 (5th ed. 2014). *Cy pres* is an equitable doctrine originally used in trusts and estate law to effectuate a charitable intent that could not be fulfilled. *Id.* Under the doctrine, the court reforms the written instrument with a gift to charity that serves a purpose as close to the donor's original charitable purpose as possible. *Id.; Cy Pres*, *Black's Law Dictionary* (10th ed. 2014). The Florida Legislature has codified the *cy pres* doctrine, as that doctrine applies in the trust law context, in section 736.0413, Florida Statutes (2018), of the Florida Trust Code.

5. *See* Florida Commission on Access to Civil Justice, *Interim Report*, at 18-19, & 23, exhibs. at 105 (2015).

6. *Id.*

Committee, the Rules Committee ultimately approved, by vote of 19-5, the permissive *cy pres* rule proposed here. The Florida Bar Board of Governors approved the proposed rule.

Both the Rules Committee and the Court published the proposed rule for comment. The Committee did not receive any comments. The Court received one comment opposing the proposed rule as drafted. The Committees filed a joint response to the comment. At the Court's request, the Rules Committee also filed a supplemental report addressing the Court's authority to adopt the proposed rule.

The Court thanks the Bar's Rules Committee and Pro Bono Committee for their efforts. The Court also takes this opportunity to thank the Access Commission for its efforts in identifying possible funding sources for nonprofit legal aid organizations and commends the Commission for its continued work to address the civil legal needs of low-income and moderate income Floridians. However, after thoroughly considering the Committees' joint report, the Rules Committee's majority and minority positions on the proposed *cy pres* rule, and the comment filed, and having heard oral argument, the Court declines to adopt the proposed rule.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.
LABARGA, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Florida Rules of Civil Procedure

Scott Michael Dimond, Chair, Civil Procedure Rules Committee, Miami, Florida; Honorable Vance Edwin Salter, Co-Chair, Pro Bono Legal Services Committee, Miami, Florida; Kathleen Schin McLeroy, Co-Chair, Pro Bono Legal Services Committee, Tampa, Florida; Dominic C. MacKenzie, Pro Bono Legal Services – The Florida Bar Foundation, Maitland, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

　　　for Petitioner


Leza S. Tellam, Winter Park, Florida;

　　　Responding with Comments